UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>      Plaintiff,<br><br> -against-<br><br>DOMENIC CALABRIGO, CURTIS ("CURT") LEHNER, HASAN SARIO, and COURTNEY VASSEUR,<br><br>      Defendants. | 22 Civ. 3096 (LJL) |

**ORDER TO SHOW CAUSE, TEMPORARY RESTRAINING ORDER, AND ORDER FREEZING ASSETS AND GRANTING OTHER RELIEF**

On the Emergency Application of the Plaintiff Securities and Exchange Commission (the "Commission") for an Order, as to Defendants Domenic Calabrigo, Curtis ("Curt") Lehner, Hasan Sario, and Courtney Vasseur ("Defendants"):

(1) directing Defendants to show cause why an order should not be entered, pending a final disposition of this action: (a) freezing Defendants' assets and requiring Defendants to repatriate funds and other assets now located outside the United States; (b) prohibiting the destruction, alteration or concealment of documents, including documents concerning the allegations in the Complaint or the assets of Defendants; and (c) requiring Defendants to provide accountings; and

(2) pending adjudication of the foregoing, an order: (a) freezing Defendants' assets and requiring Defendants to repatriate funds and other assets now located outside the United States; (b) prohibiting the destruction, alteration or concealment of

documents, including documents concerning the allegations in the Complaint or the assets of Defendants; and (c) requiring Defendants to provide accountings.

The Court has considered (a) the Complaint in this action, (b) the Commission's Memorandum of Law, (c) the Declaration of Trevor Donelan and attached exhibits, and (d) the Local Civil Rule 6.1 Declaration of Michael Paley. Based upon the foregoing documents, the Court finds that a proper showing, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77t(b)], Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78u(d)], and Federal Rule of Civil Procedure 65(b), has been made for the relief granted herein, for the following reasons:

It appears from the evidence presented that, as alleged in the Complaint, Defendants have violated Sections 17(a)(1) and (3) of the Securities Act [15 U.S.C. §§ 77q(a)(1) and (3)], Sections 9(a)(2) and 10(b) of the Exchange Act [15 U.S.C. §§ 78i(a)(2) and 78j(b)], and Rules 10b-5(a) and (c) thereunder [17 C.F.R. § 240.10b-5(a) and (c)].

It appears from the evidence presented that Defendant Calabrigo has obtained up to $21.1 million in ill-gotten gains derived from his unlawful conduct; that Defendant Lehner has obtained up to $39.6 million in ill-gotten gains derived from his unlawful conduct; that Defendant Sario has obtained up to $31.8 million in ill-gotten gains derived from his unlawful conduct; that Defendant Vasseur has obtained up to $38.8 million in ill-gotten gains derived from his unlawful conduct; and that at least some of these funds have been deposited into accounts controlled by one or more of the Defendants.

It appears that Defendants may attempt to dissipate, deplete, or transfer from the jurisdiction of this Court, funds, property and other assets that could be subject to an order of disgorgement or an order imposing civil penalties. It appears that an order freezing Defendants'

assets, as specified herein, is necessary to preserve the *status quo,* to protect this Court's ability to award equitable relief in the form of disgorgement of illegal profits from securities law violation and civil penalties, and to preserve the Court's ability to approve a fair distribution for victims.  It appears that an order requiring Defendants to repatriate funds outside the United States is similarly necessary to protect this Court's ability to award equitable relief in the form of disgorgement and civil penalties and to preserve the Court's ability to approve a fair distribution for victims.

It appears that an order requiring each of the Defendants to provide a sworn accounting of all assets, money, and property held directly or indirectly by each of them, or by others for the direct or indirect beneficial interest of one or more of the Defendants, is necessary to effectuate and ensure compliance with the freeze imposed on Defendants' assets and the repatriation order.

It appears that an order prohibiting Defendants from destroying, altering, or concealing records of any kind—including documents concerning the allegations in the Complaint or the assets or finances of Defendants—is necessary to ensure compliance with the asset freeze and repatriation order and to protect the integrity of this litigation.

Good and sufficient reasons have been shown why procedure other than by notice of motion is necessary.

This Court has jurisdiction over the subject matter of this action and over Defendants, and venue properly lies in this District.

**NOW, THEREFORE**,

### I.

**IT IS HEREBY ORDERED** that Defendant Calabrigo show cause, if there be any, to

this Court at 9:30 a.m. on the 29th day of April, 2022, in Room 15C of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, why this Court should not enter an Order directing that, pending a final disposition of this action, Defendant Calabrigo and each of his financial and brokerage institutions, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of such Order by personal service, facsimile service, telephonic notice, notice by email, or otherwise, and each of them, hold and retain within their control, and otherwise prevent (except to the extent such Order requires any transfer to repatriate assets to the United States), any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the direct or indirect control of Defendant Calabrigo, whether held in his name or for any of his direct or indirect beneficial interest wherever situated, in whatever form such assets may presently exist, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of Defendant Calabrigo to hold or retain within its or his or her control and prohibit the withdrawal, removal, transfer or other disposal (except to the extent such Order requires any transfer to repatriate assets to the United States) of any such assets, funds or other properties, including, but not limited to, the accounts listed on Schedule A attached hereto up to the total value of $21.1 million, except that the total amount restrained for all Defendants shall not exceed $39.6 million.

## II.

**IT IS HEREBY ORDERED** that Defendant Lehner show cause, if there be any, to this Court at 9:30 a.m. on the 29th day of April, 2022, in Room 15C of the Daniel Patrick Moynihan

4

United States Courthouse, 500 Pearl Street, New York, NY 10007, why this Court should not enter an Order directing that, pending a final disposition of this action, Defendant Lehner and each of his financial and brokerage institutions, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of such Order by personal service, facsimile service, telephonic notice, notice by email, or otherwise, and each of them, hold and retain within their control, and otherwise prevent (except to the extent such Order requires any transfer to repatriate assets to the United States), any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the direct or indirect control of Defendant Lehner, whether held in his name or for any of his direct or indirect beneficial interest wherever situated, in whatever form such assets may presently exist, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of Defendant Lehner to hold or retain within its or his or her control and prohibit the withdrawal, removal, transfer or other disposal (except to the extent such Order requires any transfer to repatriate assets to the United States) of any such assets, funds or other properties, including, but not limited to, the accounts listed on Schedule B attached hereto up to the total value of $39.6 million, except that the total amount restrained for all Defendants shall not exceed $39.6 million.

### III.

**IT IS HEREBY ORDERED** that Defendant Sario show cause, if there be any, to this Court at 9:30 a.m. on the 29th day of April, 2022, in Room 15C of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, why this Court should not

enter an Order directing that, pending a final disposition of this action, Defendant Sario and each of his financial and brokerage institutions, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of such Order by personal service, facsimile service, telephonic notice, notice by email, or otherwise, and each of them, hold and retain within their control, and otherwise prevent (except to the extent such Order requires any transfer to repatriate assets to the United States), any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the direct or indirect control of Defendant Sario, whether held in his name or for any of his direct or indirect beneficial interest wherever situated, in whatever form such assets may presently exist, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of Defendant Sario to hold or retain within its or his or her control and prohibit the withdrawal, removal, transfer or other disposal (except to the extent such Order requires any transfer to repatriate assets to the United States) of any such assets, funds or other properties, including, but not limited to, the accounts listed on Schedule C attached hereto up to the total value of $31.8 million, except that the total amount restrained for all Defendants shall not exceed $39.6 million.

## IV.

**IT IS HEREBY ORDERED** that Defendant Vasseur show cause, if there be any, to this Court at 9:30 a.m. on the 29th day of April, 2022, in Room 15C of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, why this Court should not enter an Order directing that, pending a final disposition of this action, Defendant Vasseur and

each of his financial and brokerage institutions, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of such Order by personal service, facsimile service, telephonic notice, notice by email, or otherwise, and each of them, hold and retain within their control, and otherwise prevent (except to the extent such Order requires any transfer to repatriate assets to the United States), any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the direct or indirect control of Defendant Vasseur, whether held in his name or for any of his direct or indirect beneficial interest wherever situated, in whatever form such assets may presently exist, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of Defendant Vasseur to hold or retain within its or his or her control and prohibit the withdrawal, removal, transfer or other disposal (except to the extent such Order requires any transfer to repatriate assets to the United States) of any such assets, funds or other properties, including, but not limited to, the accounts listed on Schedule D attached hereto up to the total value of $38.8 million, except that the total amount restrained for all Defendants shall not exceed $39.6 million.

V.

**IT IS FURTHER ORDERED** that Defendants show cause at that time why this Court should not also enter an Order that directs that (a) Each Defendant shall repatriate all funds, assets, or other property held in foreign locations in his name, or for his benefit or under his direct or indirect control, or over which that Defendant exercises control or signatory authority—up to the amount of any difference between the total amount frozen as to that Defendant and the

amount of his frozen assets in the United States—by transferring to the registry of this Court all such assets, funds, and other property; (b) with respect to all funds and assets outside the jurisdiction of this Court that are repatriated by Defendants, such assets shall become subject to the restrictions described in paragraph I, above; and (c) with respect to any other asset owned and/or controlled by Defendants that is now located outside the jurisdiction of this Court (including, but not limited to, any monies, securities, or real or personal property), the Defendant with ownership or control over the asset shall immediately identify the location of such asset, the price paid or consideration given, and the date upon which it was purchased.

## VI.

**IT IS FURTHER ORDERED** that Defendants show cause at that time why this Court should not also enter an Order enjoining and restraining them, and any person or entity acting at the direction of or on behalf of any of them, from destroying, altering, or concealing all documents, books, and records that are in the possession, custody, or control of Defendants, their respective agents, servants, employees, and attorneys, and those persons in active concert or participation with them, including documents that concern the allegations in the Complaint or Defendants' assets or finances.

## VII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application, Defendant Calabrigo and each of his financial and brokerage institutions, agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of such Order by personal service, facsimile service, telephonic notice, email notice, any other means permitted in Section XIV of this Order, or otherwise, and each of them, hold and retain within their control and otherwise prevent

(except to the extent this Order requires any transfer to repatriate assets to the United States) any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal (including the use of any credit cards or any other incurring of debt) of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever, in whatever form such assets may presently exist and wherever located) of, held by, or under the control of Defendant Calabrigo, whether held in his names or for his direct or indirect beneficial interest, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of Defendant Calabrigo to hold or retain within its or his control and prohibit the withdrawal, removal, transfer or other disposal (except to the extent this Order requires any transfer to repatriate assets to the United States) of any such assets, funds or other properties, including without limitation all assets, funds, or other properties held in Defendant Calabrigo's name, held by Defendant Calabrigo, or under Defendant Calabrigo's control, including but not limited to the accounts listed on Schedule A, up to the total value of $21.1 million, except that the total amount restrained for all Defendants shall not exceed $39.6 million.

## VIII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application, Defendant Lehner and each of his financial and brokerage institutions, agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of such Order by personal service, facsimile service, telephonic notice, email notice, any other means permitted in Section XIV of this Order, or otherwise, and each of them, hold and retain within their control and otherwise prevent

9

(except to the extent this Order requires any transfer to repatriate assets to the United States) any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal (including the use of any credit cards or any other incurring of debt) of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever, in whatever form such assets may presently exist and wherever located) of, held by, or under the control of Defendant Lehner, whether held in his names or for his direct or indirect beneficial interest, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of Defendant Lehner to hold or retain within its or his control and prohibit the withdrawal, removal, transfer or other disposal (except to the extent this Order requires any transfer to repatriate assets to the United States) of any such assets, funds or other properties, including without limitation all assets, funds, or other properties held in Defendant Lehner's name, held by Defendant Lehner, or under Defendant Lehner's control, including but not limited to the accounts listed on Schedule B, up to the total value of $39.6 million, except that the total amount restrained for all Defendants shall not exceed $39.6 million.

## IX.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application, Defendant Sario and each of his financial and brokerage institutions, agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of such Order by personal service, facsimile service, telephonic notice, email notice, any other means permitted in Section XIV of this Order, or otherwise, and each of them, hold and retain within their control and otherwise prevent (except to the extent this Order requires any transfer to repatriate assets to the United States) any

10

withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal (including the use of any credit cards or any other incurring of debt) of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever, in whatever form such assets may presently exist and wherever located) of, held by, or under the control of Defendant Sario, whether held in his names or for his direct or indirect beneficial interest, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of Defendant Sario to hold or retain within its or his control and prohibit the withdrawal, removal, transfer or other disposal (except to the extent this Order requires any transfer to repatriate assets to the United States) of any such assets, funds or other properties, including without limitation all assets, funds, or other properties held in Defendant Sario's name, held by Defendant Sario, or under Defendant Sario's control, including but not limited to the accounts listed on Schedule C, up to the total value of $31.8 million, except that the total amount restrained for all Defendants shall not exceed $39.6 million.

## X.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application, Defendant Vasseur and each of his financial and brokerage institutions, agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of such Order by personal service, facsimile service, telephonic notice, email notice, any other means permitted in Section XIV of this Order, or otherwise, and each of them, hold and retain within their control and otherwise prevent (except to the extent this Order requires any transfer to repatriate assets to the United States) any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other

disposal (including the use of any credit cards or any other incurring of debt) of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever, in whatever form such assets may presently exist and wherever located) of, held by, or under the control of Defendant Vasseur, whether held in his names or for his direct or indirect beneficial interest, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of Defendant Vasseur to hold or retain within its or his control and prohibit the withdrawal, removal, transfer or other disposal (except to the extent this Order requires any transfer to repatriate assets to the United States) of any such assets, funds or other properties, including without limitation all assets, funds, or other properties held in Defendant Vasseur's name, held by Defendant Vasseur, or under Defendant Vasseur's control, including but not limited to the accounts listed on Schedule D, up to the total value of $38.8 million, except that the total amount restrained for all Defendants shall not exceed $39.6 million.

## XI.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application, (a) Each Defendant shall immediately repatriate all funds, assets, or other property held in foreign locations in his name, or for his benefit or under his direct or indirect control, or over which that Defendant exercises control or signatory authority—up to the amount of any difference between the total amount frozen as to that Defendant and the amount of his frozen assets in the United States—by transferring to the registry of this Court all such assets, funds, and other property; (b) with respect to all funds and assets outside the jurisdiction of this Court that are repatriated by Defendants, such assets shall become subject to the restrictions described in paragraphs VII through X, above; and (c) with respect to any other asset owned

and/or controlled by Defendants that is now located outside the jurisdiction of this Court (including, but not limited to, any monies, securities, or real or personal property), the Defendant with ownership or control over the asset shall immediately identify the location of such asset, the price paid or consideration given, and the date upon which it was purchased.

## XII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, each of the Defendants shall file with this Court and serve upon the Commission, by April 22, or within such extension of time as the Commission staff agrees to in writing or is otherwise granted by the Court, a sworn, verified written accounting, signed under penalty of perjury, providing the following information:

>   (1) A list of all accounts at all banks, brokerage firms or financial institutions (including the name of the financial institution and name and last four digits of the account number), tax identification numbers, telephone or facsimile transmission numbers (including numbers of mobile telephones), electronic mail addresses, World Wide Web sites or Universal Records Locators, Internet bulletin board sites, online interactive conversational spaces or chat rooms, Internet or electronic mail service providers, street addresses, postal box numbers, safety deposit boxes, and storage facilities used or maintained by any one or more of the Defendants, or under their direct or indirect control, at any time from January 1, 2016, to the present.
>
>   (2) All assets, liabilities and property currently held directly or indirectly by or for the benefit of any one or more of the Defendants, including, but not limited to, bank accounts, brokerage accounts, investments, business interests, loans, lines

of credit, and real and personal property wherever situated, describing each asset and liability, its current location and amount;

(3) All money, property, assets, and other income received by any one or more of the Defendants, or for the direct or indirect benefit of any one or more of them, in or at any time from January 1, 2016, to the date of the accounting, describing the source, amount, disposition, and current location of each of the items listed;

(4) All assets, funds, securities, and real or personal property of any one or more of the Defendants transferred to or for the benefit of any other person or entity from January 1, 2016, to the date of the accounting, including a description of each transferred asset, the name of the recipient, and the date of the transfer; and

(5) The names and last known addresses of all bailees, debtors, and other persons and entities that are currently holding the assets, funds, or property of any one or more of the Defendants.

## XIII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application, Defendants are enjoined and restrained, and any person or entity acting at the direction of or on behalf of any one or more of them is enjoined and restrained, from destroying, altering, or concealing all documents, books, and records that are in the possession, custody, or control of Defendants, their respective agents, servants, employees, and attorneys, and those persons in active concert or participation with them, including documents that concern the allegations in the Complaint or Defendants' assets or finances.

## XIV.

**IT IS FURTHER ORDERED** that a copy of this Order and the papers supporting the

14

Commission's Application be served upon Defendants (or their attorneys who agree to accept service on their behalf) on or before April 19, 2022, by personal delivery, facsimile, email, overnight courier, international express mail, or first-class mail and upon any bank, saving and loan institution, credit union, financial institution, transfer agent, broker-dealer, investment company, title company, commodity trading company, storage company, or any other person, partnership, corporation, or legal entity that may be subject to any provision of this Order. For purposes of notice of anyone in possession of documents, records, assets, funds, property, or property rights, actual notice of this Order shall be deemed complete upon notification by any means, including, but not limited to, notice from distribution by facsimile transmission or email.

## XV.

**IT IS FURTHER ORDERED** that Defendants shall serve and file any opposing papers in response to the Order to Show Cause no later than April 25, 2022, at 5:00 p.m. Service shall be made by that date and time by emailing the papers to zaleskask@sec.gov and receiving a reply email confirming receipt or by such other manner as counsel for the Commission may consent in writing. The Commission shall have until April 28, 2022, at 5:00 p.m., to serve, by the most expeditious means available, and file any reply papers upon Defendants or their counsel, if counsel shall have made an appearance in this action.

## XVI.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon Defendants and each of their agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile,

email, overnight courier, or otherwise.

                                                                                    UNITED STATES DISTRICT JUDGE

Issued on:    April 15, 2022
                  New York, New York

**SCHEDULE A--ACCOUNTS CONTROLLED BY DOMENIC CALABRIGO**

| Country | Account Holder | Financial Institution | Last Four Digits of Account(s) |
|---|---|---|---|
| Bahamas | Domenic Calabrigo | First Caribbean International Bank, Nassau Bahamas | 8504 |
| USA | Domenic Calabrigo | Community Federal Savings Bank, New York, New York | 4864 |
| Bahamas | Trojan Technologies International | First Caribbean International Bank, Nassau, Bahamas | 2098 |
| Bahamas | Trojan Technologies International | Scotiabank Bahamas Ltd. Nassau, Bahamas | 5336 |
| Cayman Islands | Leverage Enterprises | NCB Cayman Ltd. | 6864 |
| Canada | 2453795 Ontario Ltd. | Royal Bank of Canada Toronto, Canada | 1731 |

**SCHEDULE B--ACCOUNTS CONTROLLED BY CURTIS ("CURT") LEHNER**

| Country | Account Holder | Financial Institution | Last Four Digits of Account(s) |
|---|---|---|---|
| Canada | Lebax Holdings | Royal Bank of Canada White Rock, BC V4B 3Z7 | 8968 |
| Canada | Robmor Tile Town Ltd. | Bank of Montreal Vancouver, British Columbia | 0876 |
| Canada | Curt Lehner | Scotiabank White Rock, British Columbia | 2726 |
| Canada | Curt Lehner | Royal Bank of Canada (bank account) Vancouver, British Columbia | 4132 2126 2100 2118 |
| Canada | Lexington Ridge Holdings Ltd. | Royal Bank of Canada Calgary, AB | 2481 |
| Canada | Curt Lehner | RBC Direct Investing Inc. Toronto, ON | 9928 |

**SCHEDULE C--ACCOUNTS CONTROLLED BY HASAN SARIO**

| Country | Account Holder | Financial Institution | Last Four Digits of Account(s) |
|---|---|---|---|
| Turkey | Hasan Sario | Akbank T.A.S., Istanbul Turkey | 2506 |
| USA | Hasan Sario | Interactive Brokers LLC Greenwich, Connecticut | 6902 |

**SCHEDULE D--ACCOUNTS CONTROLLED BY COURTNEY VASSEUR**

| Country | Account Holder | Financial Institution | Last Four Digits of Account(s) |
|---|---|---|---|
| Canada | Vasseur Holdings Ltd. | Citizens Bank of Canada | 3569 |