UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>         Plaintiff,<br><br>    -against-<br><br>DOMENIC CALABRIGO, CURTIS ("CURT") LEHNER, HASAN SARIO, and COURTNEY VASSEUR,<br><br>         Defendants. | 22 Civ. 3096 (LJL) |

### ORDER IMPOSING PRELIMINARY INJUNCTION FREEZING ASSETS AND GRANTING OTHER RELIEF AS TO COURTNEY VASSEUR

**WHEREAS** the Court, having considered plaintiff Securities and Exchange Commission's ("the Commission") proposed Order to Show Cause, Temporary Restraining Order, and Order Freezing Assets and Granting Other Relief ("Application") (D.E. 4) as well as the Complaint (D.E. 1), the Commission's memorandum of law (D.E. 5), and the accompanying materials, including the declaration of Trevor Donelan with accompanying exhibits (D.E. 6), all filed on April 14, 2022; the Court having entered a temporary restraining order, order to freeze assets, order to repatriate assets, and order prohibiting the destruction of documents on April 15, 2022 (D.E. 14), which directed Defendants to show cause why the Court should not enter a preliminary injunction ordering similar relief ("Temporary Restraining Order");  Defendant Courtney Vasseur ("Vasseur") having failed to appear in this action, failed to provide the Court-ordered accounting, and failed to respond to the order to show cause; the Court having held a hearing on the Application on June 30, 2022 ("June 30 Hearing"), and Vasseur having been given notice of the June 30 Hearing and having failed to appear; the Court finds that the

Commission has made the showing required by Fed. R. Civ. P. 65(a) and, in addition, the Commission has shown that: (i) it is likely that, unless restrained and enjoined by an order of this Court, Vasseur may dissipate and conceal investor assets that could be subject to an order of disgorgement and/or an order to pay a civil monetary penalty in this this action; and (ii) the entry of a preliminary injunction, order to freeze assets, and order repatriating the Defendants' assets to the United States is in the public interest.  In consideration of the foregoing, at the June 30 Hearing, the Court ordered that the Temporary Restraining Order as to Vasseur be converted to a Preliminary Injunction;

**NOW, THEREFORE:**

I.

**IT IS HEREBY ORDERED** that the Commission's application for a preliminary injunction against Vasseur is GRANTED.

II.

**IT IS FURTHER ORDERED** that pending a final disposition of this action, Vasseur – and each of his banks, financial and brokerage institutions, agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of such Order by personal service, facsimile service, telephonic notice, email notice or otherwise, and each of them – hold and retain within their control, and otherwise prevent any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal (including the use of any credit cards or any other incurring of debt) of any assets, funds, or other property (including money, virtual currency or other digital asset, real or personal property, tangible assets, securities, commodities, choses in action or other property of any kind whatsoever in whatever form such assets may presently exist and wherever located) of, held by, or under the

control of Vasseur, whether held in his name or for his direct or indirect beneficial interest, and directing each of the financial or brokerage institution, debtors and bailees, or any other person or entity holding such assets, funds, or other property of Vasseur to hold or retain within its or his control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds, or other properties, including without limitation all assets, funds, or other properties held in Vasseur's name, held by Vasseur, or under Vasseur's control, including but not limited to the account at **Citizens Bank of Canada in the name of Vasseur Holdings Ltd. (last four digits of account number #3569)**, up to the total value of $38.8 million.

### III.

**IT IS FURTHER ORDERED** that Vasseur, and each of his agents, services, employees and attorneys, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, and each of them, shall, within five days of receiving actual notice of this Order, take such steps as are necessary to repatriate and deposit into the registry of the Court in an interest bearing account, the accounts identified in Section II.

### IV.

**IT IS FURTHER ORDERED** that Vasseur, and any person or entity acting at the direction of or on behalf of him, is enjoined and restrained from destroying, altering, or concealing all documents, books, and records that are in the possession, custody, or control of him, his respective agents, servants, employees, and attorneys, and those persons in active concert or participation with him, including documents that concern the allegations in the Complaint or Vasseur's assets or finances.

## V.

**IT IS FURTHER ORDERED** that, as provided in the Federal Rule of Civil Procedure 65(d)(2), this Order shall be, and is, binding upon Vasseur and each of his respective agents, servants, employees and attorneys, and those persons in active concert or participation with them and who receive actual notice of this Order by personal service, facsimile, email, overnight courier, or otherwise.

SO ORDERED

Dated: 7/7/2022
New York, New York

                    HON. LEWIS J. LIMAN
                    UNITED STATES DISTRICT JUDGE