UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

       Plaintiff,

  -against-

DOMENIC CALABRIGO, CURTIS ("CURT")
LEHNER, HASAN SARIO, and COURTNEY
VASSEUR,

       Defendants.

22 Civ. 3096 (LJL)

**STIPULATION AND ORDER IMPOSING PRELIMINARY INJUNCTION FREEZING ASSETS AND GRANTING OTHER RELIEF**

**WHEREAS** on April 14, 2022, Plaintiff Securities and Exchange Commission (the "Commission") commenced this action by filing a Complaint (D.E. 1) and an application for a temporary restraining order freezing assets with supporting papers (D.E. 4–6) for its emergency application for a temporary order freezing assets, ordering Defendants to show cause, and granting other relief (the "Application"); and

**WHEREAS**, on July 12, 2022, Defendant Domenic Calabrigo ("Calabrigo") entered into a Consent to Plaintiff's Application:

**NOW, THEREFORE:**

## I.

**IT IS HEREBY ORDERED** that the Commission's application for a preliminary injunction against the Defendants is GRANTED to the extent set forth below and the preliminary injunction hearing scheduled as to Calabrigo for July 15, 2022, is CANCELLED.

## II.

**IT IS FURTHER ORDERED** that pending a final disposition of this action, Calabrigo – and each of his banks, financial and brokerage institutions, agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of such Order by personal service, facsimile service, telephonic notice, email notice or otherwise, and each of them – hold and retain within their control, and otherwise prevent any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal (including the use of any credit cards or any other incurring of debt) of any assets, funds, or other property (including money, virtual currency or other digital asset, real or personal property, tangible assets, securities, commodities, choses in action or other property of any kind whatsoever in whatever form such assets may presently exist and wherever located) of, held by, or under the control of Calabrigo, whether held in his name or for his direct or indirect beneficial interest, and directing each of the financial or brokerage institution, debtors and bailees, or any other person or entity holding such assets, funds, or other property of Calabrigo to hold or retain within its or his control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds, or other properties, including without limitation all assets, funds, or other properties held in Calabrigo's name, held by Calabrigo, or under Calabrigo's control, including but not limited to the assets listed in Schedule A, up to the total value of $21.1 million, provided, however, that pursuant to the procedure set forth in paragraph III below:

(a) Calabrigo shall be permitted to access $150,000 to pay for attorney's fees in connection with his defense in the parallel criminal action, *United States v. Lehner et al.*, 1:21-cr-00121 (S.D.N.Y). If Calabrigo and the Commission so agree in writing, he shall be permitted to access amounts up to an additional $100,000 without further

order of this Court. For purposes of trying to resolve any such request he may make to the Commission for approval in writing, Calabrigo agrees to provide copies of reasonable, non-privileged documentation relating to his attorney's fees to the Commission at its request, including copies of his legal bills (with privileged material redacted); and

(b) Calabrigo shall be permitted to access $7,500 per month, payable on the 1st of every month, for living expenses, until he no longer resides in New York City, or until further order of this Court, whichever is sooner. Within five calendar days of the end of each month, Calabrigo through his counsel shall provide a sworn accounting of any moneys earned by him and released to him pursuant to this paragraph to the Commission's counsel of record in this case.

### III.

**IT IS FURTHER ORDERED** that Calabrigo, and each of his agents, services, employees and attorneys, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, and each of them, shall, within five days of receiving actual notice of this Order, take such steps as are necessary to repatriate and deposit into an interest bearing attorney escrow account held at JP Morgan Chase (the "JPM Escrow Account"), the assets listed on Schedule A (other than real property).

With respect to the Jax Global Holdings, Ltd. account listed on Schedule A, Capital Union Bank shall liquidate the cryptocurrency in the account, and transfer those funds along with all other assets in that account, including cash and securities, into the JPM Escrow Account. The payments listed in paragraph II of this order shall be funded first by any available cash in the

JPM Escrow Account. To the extent that the cash does not satisfy those payments, JP Morgan Chase shall sell securities for the remainder of the payments in a manner designed to maximize the value of the assets in the account.

### IV.

**IT IS FURTHER ORDERED** that Calabrigo, and any person or entity acting at the direction of or on behalf of him, is enjoined and restrained from destroying, altering, or concealing all documents, books, and records that are in the possession, custody, or control of him, his respective agents, servants, employees, and attorneys, and those persons in active concert or participation with him, including documents that concern the allegations in the Complaint or Calabrigo's assets or finances.

### V.

**IT IS FURTHER ORDERED** that, as provided in the Federal Rule of Civil Procedure 65(d)(2), this Order shall be, and is, binding upon Calabrigo and each of his respective agents, servants, employees and attorneys, and those persons in active concert or participation with them and who receive actual notice of this Order by personal service, facsimile, email, overnight courier, or otherwise.

STIPULATED AND AGREED TO:

Date:   July 12, 2022                        By:        _____/s/_____
                                                        Paul Gizzi
                                                        Judith A. Weinstock
                                                        Kristine M. Zaleskas
                                                        New York Regional Office
                                                        100 Pearl Street
                                                        Suite 20-100
                                                        New York, NY 10004-2616
                                                        (212) 336-1100
                                                        gizzip@sec.gov
                                                        *Attorneys for Plaintiff*
                                                        *Securities and Exchange Commission*


Date:  7/12/22                               By:        _____
                                                        Adam C. Ford
                                                        Renee L. Jarusinsky
                                                        Nicolette Beuther
                                                        Ford O'Brien Landy, LLP
                                                        275 Madison Avenue, 24th Floor
                                                        New York, NY 10016
                                                        (212) 858-0040
                                                        aford@fordobrien.com
                                                        *Attorneys for Defendant Domenic Calabrigo*


SO ORDERED

Dated:  7/14/2022
New York, NY
                                                        _____
                                                        HON. LEWIS J. LIMAN
                                                        UNITED STATES DISTRICT JUDGE

## SCHEDULE A--ASSETS CONTROLLED BY DOMENIC CALABRIGO

| Country | Account Holder/Owner | Description of Asset/Account Information | Last Four Digits of Account(s) |
|---|---|---|---|
| Bahamas | Domenic Calabrigo | Paradise Island Condominium (personal residence) | N/A |
| Bahamas | Domenic Calabrigo | Paradise Island Condominium (rental property) | N/A |
| Bahamas | Domenic Calabrigo | First Caribbean International Bank, Nassau Bahamas | 8504 |
| USA | Domenic Calabrigo | Community Federal Savings Bank, New York, New York | 4864 |
| Bahamas | Jax Global Holdings, Ltd. | Capital Union Bank | 8062 |
| Bahamas | Domenic Calabrigo | Scotiabank Bahamas Ltd. | |
| Bahamas | Trojan Technologies International | First Caribbean International Bank, Nassau, Bahamas | 2098 |
| Cayman Islands | Leverage Enterprises | NCB Cayman Ltd. | 6864 |
| Cayman Islands | Domenic Calabrigo | SWP Cayman | |
| N/A | Domenic Calabrigo | Interest in cold storage digital asset wallet | |
| N/A | Domenic Calabrigo | Crypto.com wallet | |
| Canada | 2453795 Ontario Ltd. | Royal Bank of Canada Toronto, Canada | 1731 |
| Canada | Sunshine Cleaning, Inc. | Royal Bank of Canada | |
| Canada | Domenic Calabrigo | Royal Bank of Canada | |