

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza*
*New York, New York 10278*

October 17, 2024

**BY ECF**
The Honorable Jessica G. L. Clarke
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    Securities and Exchange Commission v. Domenic Calabrigo et al., 22 Civ. 3096 (JGLC)

Dear Judge Clarke:

      The Government writes in response to the September 30, 2022, August 28, 2023, and October 31, 2023 Orders concerning the continued need for a stay in the above-referenced matter. (Dkts. 90, 91, 95). On September 30, 2022, Judge Liman granted the Government's motion to intervene and for a stay of the above-referenced matter but limited the stay to a one-year duration, subject to a showing of continued need for the stay after one year. (Dkt. 90). On October 31, 2023, the Court extended the stay for an additional year. (Dkt. 95). None of the relevant facts underlying Judge Liman's grant of the stay and the Court's extension of the stay have changed, and the Court should extend the stay for an additional one-year period.

## Applicable Law

      This Court has the inherent power to stay civil proceedings in the interests of justice pending the completion of a parallel criminal trial. *See Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) ("[A] court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem . . . to require such action.") (internal citations and quotations omitted). "'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In evaluating whether to grant such a stay, courts in this Circuit consider:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of

       and burden on the defendants; (5) the interest of the court; and (6) the
       public interest.

*See, e.g.*, *Tuzman*, No. 15 Civ. 7057 (AJN), at 2 (quoting *Louis Vuitton*, 676 F.3d at 99). "Balancing these factors is a case-by-case determination, with the basic goal being to avoid prejudice." *Volmar Distrib., Inc. v. New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993). But the factors "can do no more than act as a rough guide for the district court as it exercises its discretion" and do not replace the Court's "studied judgment as to whether the civil action should be stayed based on the particular facts before it and the extent to which such a stay would work a hardship, inequity, or injustice to a party, the public or the court." *Louis Vuitton*, 676 F.3d at 99. The Court's "decision ultimately requires and must rest upon a particularized inquiry into the circumstances of, and the competing interests in, the case." *Id.* (quotation marks omitted).

## **Discussion**

       The Government filed its motion to intervene and for a stay of this matter on August 19, 2022. (Dkts. 79, 80).[1] One of the defendants in this matter, Domenic Calabrigo, consented entirely. (Dkt. 80 at 2). The second defendant, Hasan Sario, consented to a stay of all new oral or written discovery and to the case in general, but not to historical discovery. (*Id.*). The remaining two defendants, Curtis Lehner and Courtney Vasseur, had not (and still have not) appeared in this case, and thus the Government did not obtain their positions. (*Id.*). Sario filed his opposition on September 2, 2022, Dkt. 85, and the Government filed a brief reply brief on September 14, 2022, Dkt. 89.

       Judge Liman granted the stay on September 30, 2022. (Dkt. 90). Judge Liman determined that five of the six relevant factors counseled in favor of a stay. (*Id.* at 6-12). Regarding the first factor, without objection, Judge Liman concluded that there was a "nearly complete overlap" of the criminal and civil cases. (*Id.* at 6-7). Second, again without objection, Judge Liman concluded that the "status of the case," namely that the defendants were indicted, counseled in favor of a stay. (*Id.* at 7-8). Judge Liman noted, however, that because Sario is located in a country from which he claims he could not be extradited a stay pending conclusion of the criminal case could mean the civil case "would never reach resolution." (*Id.* at 8). Thus, Judge Liman concluded, the factor only supported a complete stay of one year, "subject to a further extension depending on the circumstances of the criminal case." (*Id.*). Those circumstances continue to evolve and proceed—two of the defendant's co-defendants (Curtis Lehner and Courtney Vasseur) remain in Canada pending extradition, and a third (Domenic Calabrigo) has appeared in this District.

       Next, Judge Liman noted that the parties agreed that the third factor—the interest of the plaintiff, in this case, the SEC—was neutral, because the SEC took no position on the motion. (*Id.*). Judge Liman then turned to the fourth, fifth, and sixth factors, which were all, to differing degrees, disputed. Judge Liman started with the fourth factor—which requires the Court to consider the "private interests of and burden on the defendants." (*Id.* at 8) (quotations omitted). Here, Judge Liman noted that Sario wanted to have "the best of both worlds," in seeking historical Rule 16 discovery without having to face his criminal case or invoking his Fifth Amendment right

---

[1] Attached as Exhibit A is the Government's opening brief in support of the motion. (Dkt. 80).

if called to testify by the SEC. (*Id.* at 9). Judge Liman continued by characterizing Sario's other arguments about prejudice as "makeweight" and quickly dismissed them, finding that the fourth factor also favored a stay. (*Id.* at 9-10).

Finally, Judge Liman concluded that "[t]he fifth and sixth factors are readily resolved in factor of a stay." (*Id.* at 11). He first held that "[j]udicial efficiency will be promoted by a complete stay of a period of at least one year." (*Id.* at 11). Similarly, Judge Liman held that the sixth factor favored a stay, because Sario was "not entitled to Rule 16 discovery until he subjects himself to the jurisdiction of the criminal court," and the discovery he would seek in the SEC case was an effort to obtain parallel information without subjecting himself to reciprocal criminal discovery obligations. (*Id.* at 11-12).

The same logic holds, and the same five factors support continuing the stay in this case. The issue that Judge Liman originally identified as relevant to revisiting the stay a year later—"the circumstances of the criminal case"—still does not support lifting the stay. Namely, as before, the reason that the criminal case against Sario has not proceeded is one of his own making. (*See* Dkt. 89 at 5-6). Sario has chosen to remain in Turkey and declined to self-surrender, knowing full well that he is wanted in the United States on a pending arrest warrant. Indeed, after Judge Liman issued the stay of one-year, and the Court extended it for an additional year, Sario was even more aware of what he had to do to begin the discovery process in this case—appear in the parallel criminal proceeding. Sario, still, has chosen not to do so. He should not now be rewarded for this decision, and the Court should again extend the stay for all of the reasons supporting Judge Liman's original decision. *See, e.g.*, *SEC v. Abraaj Inv. Mgmt. Ltd.*, No. 19 Civ. 3244 (AJN), 2019 WL 6498282, at *2 (S.D.N.Y. Dec. 3, 2019) ("[B]ecause [the defendant] opposed extradition, he will only have himself to blame if resolution of his criminal case is deferred."). As before, if the Court does so, Sario is free to make a motion later on if he believes there are compelling reasons to lift the stay. (*See id.* at 5 n.1).

* * *

  For the foregoing reasons, the Government respectfully requests that the Court extend the complete stay of this matter for an additional year.

              Respectfully submitted,

              DAMIAN WILLIAMS
              United States Attorney

     By:  /s/_____
        Noah Solowiejczyk
        Jason Richman
        Vladislav Vainberg
        Matthew Shahabian
        Assistant United States Attorneys
        (212) 637-1046

cc (by ECF): counsel for the SEC and defendants